Peb. Cueiam.
 

 Hill commenced an action for false imprisonment against Denton and Foute in the Circuit Court for Jefferson County. Denton pleaded, first, not guilty; secondly, that at the time of the
 
 *322
 
 alleged imprisonment, Hill was an enlisted soldier in the service of the United States, under Denton’s immediate command, who was an officer in the army.
 

 That Hill had received four dollars bounty, and signed an enlistment, but refused to take the oath required by law, and threatened to desert. By reason whereof, he, as commanding officer, confined him, as he had a right to do, until he could be conveyed to headquarters at Knoxville; which is the same assault, &c. The defendant, Foute, pleaded not guilty, and also that Hill was an enlisted soldier under the * command of Lieutenant Denton, and that he required of this defendant, who was jailer, to admit Hill into jail for safe keeping, which he did, as he might lawfully do, which is the same imprisonment, &c. On these pleas issues were joined. Verdict for-the plaintiff for $250 and judgment. On the trial the defendants offered to prove by A. Thornberry, that he filled up and signed an enlistment for Hill,
 
 at his request,
 
 and heard him acknowledge it as his act. This evidence was objected to, unless the defendant would account for the absence of the enlistment. The court refused to admit the testimony offered. The defendant excepted to the opinion of the court, and prayed a writ of error. The only question in this cause is, whether or not the court erred in rejecting the testimony offered.
 

 He who hath not, and is not entitled to the possession of a deed or public paper, cannot produce it, nor can he be required to produce it. Nor can he produce a copy that can be read unless some officer be authorized to give and authenticate copies. Peake’s Evidence, 83, 42. ‘ The copy of the Adjutant-General would not be evidence if produced; nor would a copy from the Treasury office. The two enlistments taken from the soldier when he enters the army, are directed to be sent to these offices soon after they are taken. And suppose a copy would be received, ought it to be required ? If it is not the
 
 duty
 
 of the officer having the custody of the original to give a copy, will the law make the defense of the jailer to depend upon the accommodating or unaccommodating temper of the officer having the keeping of the original ? The jailer must be permitted to use the best testimony in his power. He need not prove by affidavit the want of that writing which he is not presumed to have in his possession. It is hard enough to make the jailer answerable, if it should turn out that the proceedings of
 
 *323
 
 the enlisting officer were not strictly regular: how*much more so to require evidence of him, which by any exertion he would not be able to procure; and which, if owing to the obligingness of a public officer he might get, still he could not procure it without ruinous' expense. The law does not require unreasonable sacrifices, nor place intolerable .burdens upon those whom it requires to act, for doing that which is in pursuance of its orders.
 

 Secondly, parol evidence will in general answer the purpose of ascertaining the true state of facts; impracticable requisitions ought not to be made. Suppose a copy produced: would not the plaintiff say, I did not sign the original of which that is a copy ? Could it be determined upon the copy whether he signed the original or not ? In this point of view the copy would be wholly useless even were it produced.
 

 Reverse the judgment of the Circuit Court, and remand the cause for trial.
 

 See
 
 Lannum v. Brooks, 4
 
 Hay. 121, and note
 
 sub fin.; Cooke
 
 v.
 
 Hunter,
 
 2 Tenn. 113;
 
 Tillery
 
 v.
 
 Simmons,
 
 1 Tenn. 209;
 
 Kingv. Hall,
 
 1 Tenn. 209;
 
 Anderson
 
 v.
 
 Walker,
 
 Mar. & Yer. 201;
 
 Teil v. Roberts,
 
 3 Hay. 139; King’s Digest, 5893, 5891
 
 et seq.